J-S39029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
THOMAS LEE TUCKER :
:
Appellant : No. 379 WDA 2024

Appeal from the PCRA Order Entered March 6, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000912-2010

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: January 15, 2025**

Thomas Lee Tucker appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. Tucker attempts to challenge the length and legality of his sentence following revocation of probation. For the reasons discussed herein, we direct counsel to either file an advocate's brief or to file a motion to withdraw and comply with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The facts and procedural history may be summarized as follows: On August 18, 2011, Tucker entered a guilty plea to conspiracy to commit burglary, a first-degree felony, burglary, a first-degree felony, and theft by unlawful taking, a second-degree felony. That same day, the trial court sentenced him to an aggregate term of 34 to 68 months of imprisonment for

his burglary and theft convictions, as well as a consecutive 36-month probationary term for his conspiracy to commit burglary conviction. Tucker did not file a direct appeal.

On December 1, 2014, Tucker was released on parole. As of that date, Tucker's maximum term of imprisonment was set to expire on March 25, 2020. Tucker was then to begin serving his consecutive 36-month probationary term.

On August 26, 2021, while Tucker was serving probation, a revocation petition was filed, and a hearing was held the next day in Venango County. The basis for the petition was Tucker's absconding and new charges that were filed against him in Warren County, Pennsylvania. At Tucker's request, further disposition of the revocation was stayed until the disposition of his new Warren County charges.

On June 17, 2022, a jury in Warren County convicted Tucker of fleeing or attempting to elude an officer, a first-degree felony. On September 29, 2022, Tucker stipulated to violating his probation in Venango County. As a result, his probation was revoked, and, on November 21, 2022, the revocation court resentenced Tucker to a term of 30 to 60 months of imprisonment, with 56 days credit for time served in the Venango County Jail. Thereafter, Tucker filed a motion for reconsideration of sentence. A hearing was held, and Tucker was granted another 43 days of time served. A subsequent *pro se* motion for reconsideration of sentence was denied.

On March 17, 2013, Tucker filed several *pro se* motions which the PCRA court treated collectively as a petition for post-conviction relief.[1] The PCRA court appointed counsel, and a PCRA status was held on May 22, 2023. Another PCRA court status was held on November 30, 2023, which set new deadlines for PCRA counsel to file any amendments to Tucker's PCRA petition, a brief clarifying Tucker's claims, and for the Commonwealth to issue its response.

On December 13, 2023, PCRA counsel filed an amended petition, and later filed a supporting brief. In this brief, although Tucker discussed the discretionary aspects of his sentence, he cited Section 9543(a)(vii), imposition of a sentence greater than the lawful maximum, as his basis for post-conviction relief. PCRA Brief, 1/23/24, at 3 (unnumbered). According to Tucker, "he served the maximum of his sentence at the time of the resentence by [the revocation court], thus, said re-sentence must be struck, pursuant to the [PCRA]." ***Id.***

On February 1, 2024, the Commonwealth filed its answer. The PCRA court held an evidentiary hearing the next day. By order entered March 6, 2024, the PCRA court dismissed Tucker's amended petition. Thereafter, the PCRA court received several *pro se* motions from Tucker, including a request to remove PCRA counsel. By Order entered April 2, 2024, the PCRA court

_____

[1] These motions, although documented, do not appear in the certified record.

treated these filings as a timely notice of appeal and appointed current counsel.

Both Tucker and the PCRA court have complied with Pa.R.A.P. 1925.

Tucker raises the following issue on appeal:

The sentence in this case was manifestly excessive and clearly unreasonable considering the fact that [Tucker] has mental health issues that contributed to his actions[.]

Tucker's Brief at 2.[2]

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Initially, as worded, Tucker's direct challenge to the discretionary aspects of his sentence is not cognizable under the PCRA. *Commonwealth v. Gibson*, 318 A.3d 927, 936 (Pa. Super. 2024). Nevertheless, in his brief he argues prior counsel was ineffective for not challenging the discretionary aspects of his sentence on appeal. Tucker's Brief at 7-8. However, although Tucker correctly cites the three-prong test to establish counsel's ineffectiveness, he does not provide additional argument as to any prong.

---

[2] In this issue, counsel actually identifies a "Mr. Ritchey" rather than Tucker, as the appellant. Additionally, we note that the Commonwealth did not file an appellate brief.

Rather, PCRA counsel presents, without citation to the record, the following argument pursuant to ***Anders v. California***, 386 U.S. 738 (1967):

> At the time of sentencing, [Tucker] was able to state anything on his own behalf that would put him in a better light with the court. He stated that he was working on getting his GED. A discussion ensued about his actions amounting to a crime spree and the possibility of treatment programs in the state prison system. A standard range sentence was imposed. There would have been no basis for the appellate court to overturn his sentence, and thus counsel was not ineffective for failing to appeal his sentence.

Tucker's Brief at 8.

Initially, we note that compliance with ***Anders*** applies to counsel who seeks to withdraw from representation on direct appeal. ***Anders*** imposes stricter requirements than those imposed when counsel seeks to withdraw during the post-conviction process pursuant to ***Turner/Finley***, ***supra***. In any event, PCRA counsel has not filed a petition to withdraw in this case, even though she believes this issue is frivolous. Thus, we instruct counsel to file either an advocate's brief or a motion to withdraw and comply with the ***Turner/Finley*** requirements.

As noted above, in his amended PCRA petition Tucker additionally asserted that his revocation sentence was illegal because he was not under supervision at the time his probation was revoked. Tucker repeats this argument on appeal, and PCRA counsel asserts that "[w]hile [Tucker's] argument regarding the length of his current sentence is non-meritorious, he requests [Superior] Court grant him relief regarding his second argument,

that he should have originally been given time credit and that had that credit been given, he would not have received a revocation." Tucker's Brief at 9.

Our review of the record supports the PCRA court's calculation and conclusion that Tucker was still on probation when he absconded and committed new crimes. As the PCRA court summarized, the record refutes Tucker's claim he "maxed out his sentence" before committing a probation violation:

> [Tucker's] initial sentence imposed on August 18, 2011, of an aggregate term of [34] months minimum to a maximum of [68] months [of] imprisonment, had a maximum expiration date of March 25, 2020. The sentence of consecutive [36] months [of] probation on Count (1) therefore carried a maximum date of March 24, 2023.
>
> The transcript of the hearing held November 3, 2023, [which addresses a previous motion to dismiss], reflects that the [PCRA court] spent a considerable amount of time explaining to [Tucker] how the maximum expiration date of probation was calculated. The [c]ourt double checked the information and performed the calculations on the record alongside the Commonwealth, [prior] counsel for [Tucker], and in the presence of [Tucker]. No objections were made by any party and [Tucker] himself stated that he appreciated the explanation. At the PCRA hearing held on February 2, 2024, the [c]ourt once again outlined the terms of [Tucker's] sentence and the [c]ourt, the Commonwealth and [prior] PCRA counsel agreed that the maximum expiration date of Count (1) was March 24, 2023.
>
> Section 9771(c) of the Sentencing Code permits a sentence of confinement [upon probation revocation] if the defendant has been convicted of another crime. The revocation of [Tucker's] probation and resentencing was legal as he was convicted of a crime on June 17, 2022 in Warren County prior to March 24, 2023, the maximum expiration date of his probation.

PCRA Court Opinion, 4/6/24, at 6-7 (citation omitted).

In sum, Tucker's probation was properly revoked and he was legally sentenced. Because PCRA counsel has argued that Tucker's ineffectiveness claim is non-meritorious without out seeking to withdraw and complying with the ***Turner***/***Finley*** requirements, we retain jurisdiction and instruct counsel to either comply with the post-conviction procedure to withdraw or file an advocate's brief addressing the discretionary aspects of Tucker's sentence. Counsel shall have thirty days from the date this memorandum is filed to file a new brief or comply with ***Turner***/***Finley***. Both the Commonwealth and Tucker would then have the opportunity to respond.

Jurisdiction retained.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/15/2025